IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ROYAL NEIGHBORS OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 620-072 |
| | ) | |
| JERRY ROZIER; MICHAEL ROZIER; and BRIDGET JACKSON, | ) | |
| | ) | |
| Claimants. | ) | |
| | ) | |
| THE INDEPENDENT ORDER OF FORESTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-018 |
| | ) | |
| JERRY ROZIER; MICHAEL ROZIER; TIMOTHY JACKSON; and TAYLOR FUNERAL HOME, INC., | ) | |
| | ) | |
| Claimants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiffs Royal Neighbors of America and The Independent Order of Foresters issued separate policies insuring the life of decedent Naomi Andrews, and they brought separate interpleader actions to resolve competing claims for the life insurance proceeds asserted by (1) siblings Bridget Jackson, Michael Rozier, and Jerry Rozier; (2) Timothy Jackson, the husband of Bridget Jackson; and (3) Taylor Funeral Home, Inc. ("Taylor Funeral Home"). The Court

conducted a hearing on September 8, 2022. For the reasons discussed below, the Court recommends (1) granting the motions to deposit funds; (2) dismissing with prejudice all claims to the interpleaded funds by Claimants Jerry and Michael Rozier; (3) disbursing the policy proceeds as detailed in § III, *infra*; and (4) enjoining all four Claimants from instituting any related action against Plaintiffs.

## I.     Motions to Deposit Funds

Plaintiff Royal Neighbors of America moves to deposit $6,551.82 plus accrued interest, the amount remaining after deducting a total of $3,448.18 in legal fees and other costs from the $10,000 policy proceeds. (CV 620-072, doc. no. 1, p. 3; doc. no. 37.) Plaintiff Independent Order of Foresters moves to deposit $5,500.00 plus accrued interest, the amount remaining after deducting a total of $4,500.00 in legal fees and costs from the $10,000.00 policy proceeds. (CV 622-018, doc. no. 21.) Plaintiffs seek to be discharged from further liability and dismissed upon deposit of the funds. No claimant has opposed either motion or otherwise raised any objection to the legal fees and expenses sought by Plaintiffs.

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." In re Mandalay Shores Coop. Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). There are two stages to an interpleader action. See Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Est. of Langkau, 353 F. App'x 244, 248 (11th Cir. 2009) (*per curiam*). First, "the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants.'" Id. (quoting Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009)). Second, "the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" Id.

2

Here, interpleader is proper and necessary to resolve competing claims to the policy proceeds, and Plaintiffs are disinterested parties that completed their duties by filing this interpleader and should be discharged from further liability to the Claimants. See Pessoa v. Invesco Inv. Servs., Inc., No. 8:18-cv- 266, 2019 WL 2147018, at *2 (M.D. Fla. May 3, 2019); Southtrust Bank of Fla., N.A. v. Wilson, 971 F. Supp. 539, 542 (M.D. Fla. 1997) ("It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case [and] discharged from further liability." (citation omitted)).

Plaintiffs' motions should therefore be granted, (CV 620-072, doc. no. 37; CV 622-018, doc. no. 21)nd the Clerk should be ordered to receive into the Court's registry the interpleaded funds remaining after deduction of Plaintiff's legal expenses and costs, in the amount of $6,551.82 plus accrued interest from Plaintiff Royal Neighbors of America, and $5,500.00 plus accrued interest from Plaintiff Independent Order of Foresters.  Plaintiffs should be dismissed from the lawsuits once the funds have been deposited into the Court's registry.  Claimants should be enjoined from further action against Plaintiffs with respect to the interpleaded funds.

## II.     Dismissal of Claims by Messrs. Rozier

During a contentious telephonic status conference on June 21, 2022, the Court announced its intention to conduct an in-person status conference with the competing siblings and cautioned that failure to appear in-person for that conference could resort in sanctions, to include dismissal of claims. The Court scheduled the conference for September 8, 2022, at 10:00 a.m., by Order dated August 19, 2022. The Order allowed Plaintiffs and Claimant Taylor Funeral Home to attend by teleconference but required in-person attendance by Claimants Michael Rozier, Jerry Rozier, Bridget Jackson, and Timothy Jackson. The Order

3

included the following warning: "Their failure to appear in person may result in the imposition of sanctions, including dismissal of their claims to the interpleader funds." (CV 620-072, doc. no. 40, pp. 1-2; CV 622-018, doc. no. 18, pp. 1-2 (citing Fed. R. Civ. P. 41(b) and Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989))). The Clerk of Court served the Order by email and U.S. Mail at the addresses of record for claimants.

When the Court called the case on September 8, 2022, at 10:00 a.m., only Claimants Bridget Jackson and Timothy Jackson were present in the courtroom. Plaintiffs and Claimant Taylor Funeral Home appeared by telephone, as permitted by the Court. Claimants Michael Rozier and Jerry Rozier failed to appear for the hearing and arrived after its conclusion. Upon their arrival, Messrs. Rozier requested an immediate hearing, which the undersigned granted at the earliest possible moment after concluding an unrelated matter. At this hearing, the undersigned explained that, because of their failure to appear at the appointed time for the hearing, Messrs. Rozier waived their claims to the insurance proceeds.

Messrs. Rozier strenuously objected, arguing traffic delays precluded their attendance and they emailed court personnel before the hearing to notify the Court of their delayed arrival. Messrs. Rozier are correct that, prior to the hearing, court personnel apprised the undersigned of email correspondence in which Messrs. Rozier estimated they would be forty-five minutes to an hour late. All other parties were present at the appointed time, and the Court began the hearing on time rather than requiring the Court, assembled parties, and legal counsel to wait on Messrs. Rozier.

"A district court need not tolerate defiance of reasonable orders." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009). The Court has authority to manage its docket to resolve cases expeditiously, and this authority

4

includes the power to dismiss a case or claim for failure to prosecute or failure to comply with a court order. Id. at 1240 (citing Fed. R. Civ. P. 41(b)). The Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

The Eleventh Circuit has held a court may so dismiss a case with prejudice "when faced with 'a clear record of delay or contumacious conduct'" so long as less drastic sanctions are insufficient and the delay is willful rather than negligent. Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) (quoting McKelvey v. AT&T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986)). Indeed, "*pro se* litigants are 'subject to sanctions like any other litigant'" in interpleader actions. Ohio Nat. Life Assur. Corp., 353 F. App'x at 252 (quoting Moon, 863 F.2d at 837). This Court has previously dismissed *pro se* cases on these grounds for failure to timely appear at a status conference due to traffic. Knuckles v. Dep't of Army, Nos. CV 115-077, CV 116-164, 2017 WL 1356329, at *2 (S.D. Ga. Feb. 10, 2017), *adopted by*, Nos. CV 115-077, doc. no. 84, CV 116-164, doc. no. 29 (S.D. Ga. Mar. 13, 2017).

The undersigned entered an order requiring Claimants Michael Rozier and Jerry Rozier to appear in Court at 10:00 a.m. and explicitly warned them failure to follow that order may result in dismissal of their claims to the interpleaded funds. Their failure to appear on time for the hearing was more than negligent, and dismissal with prejudice of Messrs. Roziers' claims to the interpleaded funds in both civil actions is appropriate.

5

Courts consistently declare forfeiture of interpleaded funds where, as here, a claimant fails to participate as ordered in the interpleader proceedings.  See Mod. Woodmen of Am. v. Stuckey, No. 3:21CV4069-TKW-HTC, 2022 WL 2806465, at *2 (N.D. Fla. June 22, 2022) (denying claim to interpleaded funds by claimants who neither filed answers nor appeared at status conference), *adopted by*, 2022 WL 2803618 (N.D. Fla. July 18, 2022); Clark v. JP Morgan Chase Bank, NA., Case No. 20-24326-CIV-SCOLA/GOODMAN, 2022 WL 1105798, at *4 (S.D. Fla. Mar. 28, 2022) (holding "Plaintiffs have forfeited any entitlement to the interpleaded funds" after they "failed to file a timely answer or to participate."), *adopted by*, 2022 WL 1103255 (S.D. Fla. Apr. 13, 2022); see also BBVA USA Bancshares, Inc. v. Bandy, No. 2:19-CV-01548-SGC, 2020 WL 3104594, at *4 (N.D. Ala. June 11, 2020) (explaining Court's inherent power to *sua sponte* terminate a claimant's interest in the interpleaded funds).

### III.    Disbursement of Insurance Policy Proceeds

As the sole remaining claimants, Mr. and Mrs. Jackson confirmed at the hearing their agreement to (1) deduct from the policy proceeds Plaintiffs' claimed legal expenses and costs; and (2) pay $5,000 to Taylor Funeral Home, the remaining balance for the decedent's funeral expenses.  Notably, both Plaintiffs reported incurring legal fees and costs that exceed the face amount of the policies.  Both Plaintiffs voluntarily reduced their fees and costs so the policies would pay a meaningful amount.  Accordingly, for the reasons stated above and on the record during the September 8th hearing, the Court **REPORTS** and **RECOMMENDS**:

1. Plaintiffs' Motions to Deposit Funds be **GRANTED,** (CV 620-072, doc. no. 37; CV 622-018, doc. no. 21).

2. The claims of Michael Rozier and Jerry Rozier be dismissed with prejudice.

3. Upon deposit into the registry of $6,551.82 plus accrued interest by Royal Neighbors of America, the Clerk of Court be directed to disperse the entire amount to Claimant Bridget Jackson.

4. Upon deposit into the registry of $5,500.00 plus accrued interest by Independent Order of Foresters, the Clerk of Court be directed to disperse $5,000 to Claimant Taylor Funeral Homes and the remaining balance to Claimant Timothy Jackson.

5. Claimants be enjoined from further action against Plaintiffs in connection with the disputed funds or policy.

SO REPORTED and RECOMMENDED this 6th day of October, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA